980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
METRO HEALTH SYSTEMS, Plaintiff,
v.
Joseph GLEPKO, Defendant-Appellant,
The United Furniture Workers of America Insurance Fund,
Defendant-Appellee.
 No. 92-3022.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Joseph Glepko Sr. appeals from the district court's grant of summary judgment in favor of his insurer, the United Furniture Workers Insurance Fund, in a suit over unpaid medical bills.
 
 
 2
 We affirm the judgment of the district court.
 
 I.
 
 3
 Mr. Glepko was injured while operating a tractor, and received medical treatment for the injuries at Cleveland Metropolitan General Hospital, now known as Metro Health Systems. Mr. Glepko participates in an employee welfare benefit plan provided by the United Furniture Workers Insurance Fund, which plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. The Fund paid a number of his medical expenses arising from the accident before learning that Mr. Glepko had filed two products liability suits seeking damages for his injuries. The Fund then sent a form for his signature, subrogating and assigning his rights in the litigation to the Fund.
 
 
 4
 Language in the plan expressly provides that if a participant recovers money from third parties in a liability action arising out of an injury, then the Fund has the right to receive full reimbursement of the benefits paid in connection with that injury. Mr. Glepko, however, refused to sign the form, and the Fund accordingly refused to pay his medical bills.
 
 
 5
 Metro Health Systems eventually sued Mr. Glepko in state court for unpaid hospital charges, and Mr. Glepko then filed a third-party complaint against the Fund. The Fund removed the case to federal district court and counterclaimed for a declaratory judgment that it did not have to pay until Mr. Glepko executed its form.
 
 
 6
 The district court granted summary judgment in favor of the Fund, finding that the subrogation and assignment provisions of the plan were enforceable. The court issued a declaratory judgment allowing the Fund to withhold future payment of medical expenses until Mr. Glepko signed a valid form, but obligating the Fund to pay all of his medical and hospital expenses as soon as he signed the necessary papers. Under the judgment, the Fund would be entitled to collect up to the full amount of benefits paid or to be paid on Mr. Glepko's behalf, from the net of any litigation recovery less Mr. Glepko's attorney fees and costs expended in order to obtain the recovery.
 
 
 7
 This court's review of a grant of summary judgment is de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). When reviewing an ERISA administrator's decision to deny benefits under a plan, this court employs a de novo standard of review unless the plan clearly grants the administrator discretion to interpret disputed or doubtful terms. Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 111 (1989). The plan at issue here has no provision providing such discretionary authority.
 
 II.
 
 8
 We have reviewed the record as a whole and are satisfied that the district court considered all the claims that Mr. Glepko advanced and applied the appropriate legal standards. Therefore, for the reasons set forth in Judge Aldrich's well-reasoned and thorough memorandum and order, we AFFIRM.